IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| WEBB MTN, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WEBB MTN, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-559 |
| | ) | |
| EXECUTIVE REALTY PARTNERSHIP, L.P., | ) | |
| GERALD FRANKLIN, TRUSTEE, | ) | |
| GREENBRIER DEVELOPERS, LLC, | ) | |
| M&A ENTERPRISES, INC., and | ) | |
| KENNETH WHALEY, | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

The consolidated cross-appeals of this Chapter 11 bankruptcy have been fully briefed and are ripe for the court's consideration. Oral argument is unnecessary. For the reasons that follow, the bankruptcy court's rulings will be affirmed.

I.

*Background*

The factual and procedural history of this case has been exhaustively set forth in prior memorandum opinions by both this court and the bankruptcy court, and therefore

only a brief factual summary is warranted herein. *See, e.g.*, *Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 420 B.R. 418 (Bankr. E.D. Tenn. 2009); *Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 414 B.R. 308 (Bankr. E.D. Tenn. 2009); *Webb Mtn, LLC v. Whaley*, No. 3:07-CV-437, 2008 WL 361402 (E.D. Tenn. Feb. 8, 2008); *In re Webb Mtn, LLC*, No. 07-32016, 2007 WL 2746894 (Bankr. E.D. Tenn. Sept. 17, 2007). The reader's familiarity with the prior opinions is presumed.

In October 2005, Jack Collier, the Debtor's sole member, entered into a contract with the Appellees for the purchase of approximately 1,865 acres of real property known as Webb Mountain, for a purchase price of just under $28,000,000.00. The property was in five contiguous parcels owned individually or in combination by five distinct sellers, the Appellees. The tracts range in approximate size from 21 to 1,440 acres.

Mr. Collier subsequently assigned the contract to the Debtor, and the Debtor purchased Webb Mountain from the Appellees in March 2006. The Appellees financed over $26,000,000.00 of the collective purchase price. The sale of each parcel was evidenced by a separate promissory note and deed of trust. Each note was due on January 3, 2007.

The Debtor paid off one note, on the "M&A Enterprises Tract," in December 2006. The deed of trust encumbering that parcel was released. The Debtor did not satisfy the other four notes as required by January 3, 2007, and the Appellees commenced foreclosure proceedings against the four encumbered tracts.

The parties then entered into a conditional extension agreement on March 27, 2007. Under the terms of that extension, the foreclosure sales were adjourned until after June 25, 2007, in exchange for the Debtor's execution of quit claim deeds transferring the four encumbered tracts back to the prior owners. The deeds were to be held in escrow until June 26, 2007. After that date, if the notes were not fully paid, the escrow agent was to "immediately" record the quit claim deeds thereby transferring ownership back to the sellers.

The Debtor did not pay off the notes but instead filed the present Chapter 11 bankruptcy on June 25, 2007. The Appellees filed a motion to dismiss soon thereafter. Following an evidentiary hearing, the bankruptcy court issued a memorandum opinion and order on September 17, 2007, dismissing the bankruptcy as a bad faith filing. The Appellees' quit claim deeds were recorded the next day.

The Debtor appealed the dismissal. By memorandum and order dated February 8, 2008, the undersigned reversed the bankruptcy court's ruling. The Chapter 11 case was reopened, and in May 2008 the Debtor filed a complaint in bankruptcy court commencing the present adversary proceeding. In July 2008, the Debtor filed a thirteen-count amended complaint. Therein, multiple theories are advanced seeking to invalidate the four quit claim deeds.

The parties filed dispositive motions. On February 11, 2009, the bankruptcy court granted Appellees' motions in part, dismissing counts I through X of the amended complaint. *See Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 414 B.R.

308 (Bankr. E.D. Tenn. 2009). The remaining claims were allowed to proceed to trial. Prior to the September 28, 2009 trial date, the Debtor abandoned its remaining claims as to all but the largest Webb Mountain parcel (the "Franklin Tract"). At trial, the parties offered substantially differing appraiser testimony regarding the Franklin Tract's value. By memorandum and order dated November 25, 2009, the bankruptcy court ruled in favor of appellee Gerald Franklin, Trustee. *See Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 420 B.R. 418 (Bankr. E.D. Tenn. 2009). That ruling dismissed the amended complaint. The present appeal followed.

II.

*Standard of Review*

A bankruptcy court's findings of fact are reviewed for clear error. *See Curreys of Neb. v. United Producers (In re United Producers)*, 526 F.3d 942, 946 (6th Cir. 2008). Its conclusions of law are reviewed *de novo*. *See id.*

III.

*Analysis*

The contentions before this court on appeal are:

1. The Debtor argues that it is entitled, pursuant to 11 U.S.C. § 544(b), to avoid the recording of the Franklin Tract quit claim deed as a fraudulent transfer because the Debtor did not receive reasonably equivalent value in the exchange. Specifically, it is argued that the bankruptcy court erred in rejecting the opinion of the Debtor's appraiser witness, Robert Fletcher. Additionally, the Debtor criticizes: (a) the bankruptcy court's finding that Mr. Fletcher did not physically visit the Franklin Tract; (b) the bankruptcy court's decision to give no weight to Mr. Franklin's testimony regarding the Falling Waters real estate development in Georgia; and (c) the bankruptcy court's comments that it would be inequitable and/or impossible to carve out the Franklin Tract from the remainder of Webb Mountain.

2. While they agree with the bankruptcy court's conclusion that the Debtor did not meet its burden under § 544, the Appellees argue in the alternative that the bankruptcy court erred in allowing the Debtor to proceed under § 544 at all. Further, while they agree with the bankruptcy court's valuation conclusions with respect to the conflicting appraisal evidence, the Appellees argue in the alternative that the bankruptcy court should have stricken Mr. Fletcher's testimony.

3. The Debtor contends that the bankruptcy court erred in dismissing counts I through V and counts VII through X of the Amended Complaint.

The court has considered these issues under the applicable standard of review and is in complete agreement with the bankruptcy court's findings and conclusions. A replication herein of the bankruptcy court's thoughtful and comprehensive rulings would be an unnecessary application of judicial resources. In brief, the undersigned specifically concludes:

1. The bankruptcy court did not err in its valuation of the Franklin Tract, nor did it err by considering the testimony of the Debtor's appraiser witness. Mr. Fletcher's methodology was not so deficient as to render his testimony excludable, but his methods were at the same time not so firm as to entitle his testimony to controlling weight. The undersigned adopts the bankruptcy court's analysis of these issues. *See Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 420 B.R. 418, 425-28, 432-47 (Bankr. E.D. Tenn. 2009).

2. The bankruptcy court did not err in finding that "Mr. Fletcher did not physically visit the Franklin Tract in making his appraisal." *See id.* at 442. A reasonable interpretation of Mr. Fletcher's trial testimony is that he physically visited *Webb Mountain* but did not physically visit *the Franklin Tract* of Webb Mountain. *See* Appellees' Record on Appeal, Ex. 43, p. 36-37, 39. In addition, for the reasoning employed by the bankruptcy court, 420 B.R. at 443 n.22, it was not error to disregard testimony pertaining to the Falling Waters property. Lastly, the court finds no error in the bankruptcy court's statements that it would be inequitable and/or impossible to carve the Franklin Tract out of Webb Mountain. *See id.* at 446-47. Those statements were a logical extension of the bankruptcy court's valuation discussion, a key part of which was the accurate observation that the five parcels of Webb Mountain have a lower per-acre value when considered individually than they do when considered as a part of Webb Mountain as a whole.

3. For the reasoning employed by the bankruptcy court, it was not error to allow the Debtor to proceed under 11 U.S.C. § 544. *See id.* at 429-30; *Webb Mtn. LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, No. 07-32016, 2009 WL 1117469 (Bankr. E.D. Tenn. Apr. 21, 2009). As correctly explained by the bankruptcy court and in light of the unique procedural posture of this case, the relevant distinction herein is between the concepts of "property of the *debtor*" versus "property of the *estate*," rather than between the concepts of *pre-* and *post*-petition transfer.

4. Counts I, II, and V were correctly dismissed for the reasons stated by the bankruptcy court. *See Webb Mtn, LLC v. Executive Realty P'ship (In re Webb Mtn, LLC)*, 414 B.R. 308, 334-44 (Bankr. E.D. Tenn. 2009).

5. Counts III and IV were correctly dismissed for the reasons stated by the bankruptcy court. *See id.* at 345-48

6. Count IX was correctly dismissed for the reasons stated by the bankruptcy court. *See id.* at 348-53.

7. Counts VII, VIII, and X were correctly dismissed for the reasons stated by the bankruptcy court. *See id.* at 328-33. The case of *Harmon v. Faucette*, 8 Tenn. App. 137 (Tenn. Ct. App. 1928), relied upon by the Debtor, does not stand for the proposition that an extension agreement must be recorded.

IV.

*Conclusion*

Based on the applicable standard of review and for the reasons stated herein, the challenged rulings of the bankruptcy court will be affirmed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge